Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

FEB **0 9** 2022

for the

_Eastern_ District of _Arkansas_

TAMMY H. DOWNS, CLERK

By:_____ **DEP CLERK**

_Central_ Division

TAMARA Heard

_____
Plaintiff(s)
_(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)_

–v–

Estem / John Bacon

_____
Defendant(s)
_(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _4:22-cv-124-JM_

_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_   ☑ Yes   ☐ No

This case assigned to District Judge _Moody_
and to Magistrate Judge _Ray_

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | TAMARA Heard |
| Street Address | 1410 Joyner Drive |
| City and County | Conway,  Faulkner |
| State and Zip Code | Arkansas, 72034 |
| Telephone Number | 501-908-9475 |
| E-mail Address | Heard2323@Icloud.Com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

   Name                                 Estem JR. High
   Job or Title *(if known)*            School
   Street Address                       123 W. 3rd St
   City and County                      Little Rock ~~Ar~~, Pulask
   State and Zip Code                   Arkansas  72201
   Telephone Number                     501 - 748-9347
   E-mail Address *(if known)*

Defendant No. 2

   Name                                 John Bacon
   Job or Title *(if known)*            CEO
   Street Address                       123 W 3rd St.
   City and County                      Little Rock
   State and Zip Code                   Arkansas , 72201
   Telephone Number                     501- 748-9347
   E-mail Address *(if known)*

Defendant No. 3

   Name
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

Defendant No. 4

   Name
   Job or Title *(if known)*
   Street Address
   City and County
   State and Zip Code
   Telephone Number
   E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

N|A

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _Trayron Graves_____, is a citizen of the

State of *(name)* _Arkansas (USA)_____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.     If the defendant is a corporation

            The defendant, *(name)* _____ , is incorporated under

            the laws of the State of *(name)* _____ , and has its

            principal place of business in the State of *(name)* _____ .

            Or is incorporated under the laws of *(foreign nation)* _____ ,

            and has its principal place of business in *(name)* _____ .

      *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.     The Amount in Controversy

         The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Dr. John Bacon has caused mental Anguish, He does not understand he caused. I was the blame of something I had no control over. I lost everything, When the student brought the gun to school, I did what I thought was best! He never Once Said thank you! I've de Fling nightmare even wanting to harm my self, They had me feeling like it was all my fault. The Stress was over whelming, & still is. I had Lost Everything.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I lost my place of living, my car; my mind; my clothes
I owe $27,000 on my car
I owe $26,000 for backrent & eviction ; for my counsling Sessions I owe $224,
My clothing was sold i can never get that back

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    02/09/2022

Signature of Plaintiff

Printed Name of Plaintiff    TAMARA Heard

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

**CIVIL ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

Tamera Heard

ESTEM, John Bacon, Justin Adams

Plaintiff,

Defendants.

v.

**UNITED STATES DISTRICT COURT**

(1)TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;
(2)ARKANSAS LAW AGAINST DISCRIMINATION;
(3) Safety violation

DOCKET NO.:

[JURY TRIAL DEMANDED]

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff Tamara Heard, resident of, Little Rock, Pulaski County, Arkansas, alleges the following:

## I. NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), and the Arkansas Law Against Discrimination..

2. Tamara Heard ( "Plaintiff") alleges that Defendants eStem, Superintendent John and Principal Adams (collectively, "Defendants"), unlawfully discriminated against her on the basis of their national origin characteristics, including race, and sex(gender), and terminated her on the basis of race, gender

and sexual orientation, and retaliated against Plaintiff.

3. Plaintiff further alleges that Defendants' policies, practices, and decisions had/has a disparate impact upon her based on her race (black), gender (female) and sexual orientation.

4. Plaintiff further alleges that Defendants denied Plaintiff equal compensation based on gender.

5. Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of their rights. **II. THE PARTIES**

6. Plaintiff Tamara Heard is a Black, female formerly employed as a teacher/assistant coach. She worked as an employee for Defendants, from approximately _____ to _____, 2019.

7. Plaintiff Heard is of a protected race and gender as noted in Title VII. 8. Upon information and belief, Defendant eStem is a public school in Little Rock, Pulaski County, Arkansas that instructs over 1900 kids K-12 in various

1

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

locations in Little Rock, Pulaski County, Arkansas; and employs over 50 persons. 9. At all times relevant herein, Defendant eStem had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII. 10. Defendant eStem was also an "employer" within the meaning of the Arkansas Law Against Discrimination (Arkansas Civil Rights Act of 1993), the Equal Pay Act, and the Arkansas Equal Pay Act.

11. Upon information and belief, Defendant eStem is governed by an eStem Board of Directors and regulated by the State of Arkansas Department of Education.

12. Upon information and belief, Defendant eStem is a public, charter

school and maintains at least five locations. Defendants Bacon and Adams are employees of eStem, and operate the office(s) in which Plaintiff Heard was employed, where all or most of the events alleged herein occurred.

13. At all times relevant herein, Defendant eStem had at least fifteen employees and was therefore an "employer" within the meaning of Title VII. 14. Defendant eStem is also an "employer" within the meaning of the Arkansas Civil Rights Act, the Equal Pay Act, and the Arkansas Equal Pay Act. 15. Defendants eStem, Bacon and Adams are liable for the acts of their agents and employees as set forth below.

16. Upon information and belief, Defendants Bacon and Adams continue to be employed by Defendant eStem.

17. Plaintiff is informed and believe and thereon allege that at all times relevant herein, each of the Defendants were responsible in some manner for the occurrences and injuries alleged in this complaint.

2

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
### III. JURISDICTION AND VENUE

18. This Court has jurisdiction of Plaintiff' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. 19. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

20. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

**IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES** 21. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around _____, 2020, the EEOC issued Plaintiff Notices of Right to Sue.

22. Plaintiff have timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

**V. FACTUAL ALLEGATIONS**

23. At all times material to this action, Plaintiff Heard was employed by Defendants as a teacher/assistant coach/employee in one of the central Arkansas' locations.

24. Plaintiff was present and working in her official capacity when a

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

student brought a prohibited item onto campus and into the facility. 25. Plaintiff notified her boss/supervisor/another employee of the student's misconduct and the presence of the prohibited item.

26. Plaintiff was suspended and ultimately terminated as a result of the student's misconduct by Defendants.

27. Defendant(s) communicated to parents and local media that the situation was handled properly.

28. Defendants later told Plaintiff that she did not handle the student's misconduct and the presences of the prohibited item properly and/or in accordance

to training. Consequently, she was suspended and discharged.

29. Defendants failed to properly and adequately train the Plaintiff and others on what and how to respond in these situations.

30. Defendants can only produce a sheet a paper noting that a policy was presented or read aloud regarding prohibited and/or dangerous items being present on campus.

31. Defendants did not appropriately or adequately train the defendant on how to handle such high intensity situations and Defendants failed to ensure the safety of the Plaintiff, employees, students and the public.

32. Defendants relied heavily on the use of an app to notify police and requisite personnel of dangerous acts of misconduct. However, Defendants did not take the requisite steps to ensure that the Plaintiff and employees a) downloaded the app. b) understood how to use the app. c) and was trained and practiced how to use the app.

33. Defendants also failed to keep students and employees safe by  keeping weapons out of the school. Defendant eStem has had numerous breaches  of school safety related to prohibited items on the premises, e.g. guns, knives and

4

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

other weapons.

34. Plaintiff Heard should have received the subsequent training that all other personnel received after this gun scare that resulted in Plaintiff Heard's discharge.

35. Plaintiff Heard has been treated differently based on her race, gender and sexual orientation than similarly situated employees.

36. Other employees have reported prohibited and/or dangerous items on campus without using the app. that Plaintiff Heard was terminated for failing to

use. Those employees were of a different race than Plaintiff Heard.

37. Another employee was suspended and investigated for a purported act of misconduct that she allegedly committed. Defendants worked swiftly to make a determination in her case, paid the employee, reinstated the employee and gave the employee additional compensation. Plaintiff Heard, however, was not updated or given any feedback during her suspension and to this day the only communication she has received is that she was terminated.

38. Plaintiff was retaliated against for reaching out to an attorney and or having conversation(s) with other eStem employees about her suspension.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Race-Based Discrimination (Disparate Impact) in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

39. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 38, above.

40. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment

5

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

practices that discriminate against persons on the basis of their race. Plaintiff is informed and believe and thereon allege that Defendants' secretive and inconsistent investigatory practices had an adverse and disproportionate impact on her because of her race, black.

41. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

42. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on race.

43. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF
Sex-Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-2(a)

44. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 43, above.

45. Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

6

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

46. Defendants discriminated against Plaintiff by treating her differently from their male coworkers, including in work assignment and unequal wages and compensation, because of gender.

47. Plaintiff's sex was a determining factor and/or a motivating factor in Defendants' actions.

48. As a direct, legal and proximate result of the discrimination, Plaintiff

sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

49. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on sex.

50. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000e-3(a)

51. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 50, above.

52. Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

53. Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment

7
COMPLAINT FOR EMPLOYMENT DISCRIMINATION

practices based on race, sexual orientation and gender.

54. As a result of Plaintiff' complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings and/or termination .

55. Defendants' adverse actions constituted retaliatory workplace

harassment.

56. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

57. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

58. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
Sex-Based Pay Discrimination in Violation of
Equal Pay Act, 29 U.S.C. § 206(d)(1)

59. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 58, above.

60. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than

8

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

sex."

61. Defendants have employed Plaintiff and male employees in jobs as teachers, coaches and assistants, requiring substantially equal skill, effort, and responsibility.

62. Plaintiff and male employees performed their jobs under similar working conditions.

63. Plaintiff were paid a lower wage than the male employees doing substantially equal work.

64. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

65. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act. 66. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## <u>FIFTH CLAIM FOR RELIEF</u>
### Race-Based Discrimination (Disparate Impact) in Violation of Arkansas Civil Rights Act

67. Plaintiff incorporate by reference as if fully set forth herein the

9

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

allegations contained in paragraphs 1 through 66, above.

68. Arkansas Law Against Discrimination makes it unlawful for an employer to discriminate against an individual "in compensation or in terms,

conditions or privileges of employment" because of race or color.

69. Plaintiff is informed and believe and thereon allege that Defendants' suspension, investigatory and termination practice/policy had an adverse and disproportionate impact on her because of race, black.

70. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

71. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff' right to be free from discrimination based on national origin and ancestry.

72. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF
Sex-Based Discrimination in Violation of
Arkansas Civil Rights Act

73. Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 72, above.

74. Arkansas Law Against Discrimination (Arkansas Civil Rights Act) makes it unlawful for an employer to discriminate against an individual "in  compensation or in terms, conditions or privileges of employment" because of sex. 75. Defendants discriminated against Plaintiff by treating her differently

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

from male coworkers, including in account assignment and unequal wages and compensation, because of their sex.

76. Plaintiff's sex was the determining factor and/or a motivating factor in Defendants' actions.

77. As a direct, legal and proximate result of the discrimination, Plaintiff have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

78. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

79. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## SEVENTH CLAIM FOR RELIEF
Sex-Based Discrimination in Wages in Violation of
Arkansas Equal Pay Act

80. Plaintiff incorporates by reference as if fully set forth herein allegations contained in paragraphs 1 through 79, above.

81. Arkansas Equal Pay Act makes it unlawful for an "employer to discriminate in any way in the rate or method of payment of wages to any employee because of his or her sex."

82. Defendants employed Plaintiff and male employees in jobs teachers, coaches and assistants, requiring substantially equal skill, effort, and responsibility.

83. Plaintiff and male employees performed their jobs under similar

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
working conditions.

84. Plaintiff was paid a lower wage than the male employees doing substantially equal work.

85. The differential in pay between male and female employees was not based on a reasonable factor or factors other than sex.

86. Defendants caused, contributed to, or caused the continuation of wage discrimination based on sex, in violation of Arkansas state law. 87. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to Arkansas law.

## EIGHTH CLAIM FOR RELIEF
Reprisal in Violation of the
Arkansas Law Against Discrimination

88. Plaintiff incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 87, above.

89. Arkansas Law Against Discrimination (Arkansas Civil Rights Act) makes it unlawful for an employer to "take reprisals against any person because that person has opposed any practices or acts forbidden under this act" or to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected in this act."

90. Plaintiff made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race, sexual orientation and sex.

91. Plaintiff's complaints were made reasonably and in good faith. 92. As a result of Plaintiff's complaints, Defendants' agents and employees took adverse actions against Plaintiff, including, but not limited to, issuing disciplinary warnings and threats of termination; and prohibiting colleagues from speaking to Plaintiff.

93. As a direct, legal and proximate result of Defendants' reprisals, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

94. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief as follows:

1. For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2. For reinstatement;

3. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial; 4. For compensatory damages for Plaintiff' emotional pain and suffering, in an amount to be proven at trial;

5. For punitive damages in an amount to be determined at trial; 6. For liquidated damages;

7. For interest on lost wages, compensation, and damages, including

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

pre- and post-judgment interest and an upward adjustment for inflation; 8. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

9. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), and other laws; and

10. For such other and further relief as this Court deems just and proper.

Dated: December 2,2021 Respectfully submitted,

By: Tamara Heard

## **DEMAND FOR JURY TRIAL**

Plaintiff's demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Dated: December 2,2021 Respectfully submitted, Tamara Heard

By: Tamara Heard

14

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**Witness Statement**

Tamara Heard
02/12/2019

I was talking to another student when la mond walked up and said he needed to speak with me. I told him to hold on and told the other student to walk off. I think it was around 10:10 . He told me that he had a .38 in his backpack, with 16 bullets in all but as we all know la mond, he joked a lot so I thought he was playing. He told me it was in his backpack.he brought the backpack, turned around and told me to look inside. So I did, it was wrapped up in his jacket. My heart instantly dropped, I had to think about keeping calm and keeping the situation calm. So I told him he was not supposed to have it here.Then he told me that he was going to put it in the bathroom. I didn't know if he was telling the truth so I decided that if I make this like a regular day then he won't have an idea that I was going to tell, with no training on this certain situation, I thought that if I talked to him, he would give me more information and which is what happened. He told me he got it from Evan because his parents were giving away his things and didn't want his parents to know that he had  two guns. The gun was supposed to go to another student but Evan gave it to him. Then Evan was supposed to bring another gun for another student the next day. I let the class go on and I was thinking in my head of how I am going to tell somebody. So when class was over I asked another teacher what to do and she suggested that she will go tell so it can stay low key. But then I told her I was going to tell so I walked in the office and wrote a note to a staff member and we immediately went to the dean of studentsI didn't know what to do exactly.  I had to figure it out on my own.  I want my job because I love what I do and I love the kids.  My top concern is always the children. I believe I acted immediately and safely.  In hindsight there are so many things I could have done differently but I still don't know if it would have been the best thing to do.  I know you will probably implement training for everyone.  I believe I should be part of the training as a member of the teaching staff and not on the outside looking in without a job.  I hope that I'm not made an example of but I don't mind if the situation is used as a training opportunity but as I stated before, I should be around to benefit from the training like all of my colleagues. The person(s) responsible for the guns and bullets being in the school are the only bad actors.  I'm thankful that no one was injured and I hope the children involved get help.  I know the problem is a huge one not only for the children involved in this incident but I've heard other children at the school might have been involved in weapons on other occasions. I know the problem exists throughout all schools across the country.  I feel as though I have the whole weight of this situation on my shoulders with no help from you or the administration.  I should not be the face of this problem.  Let's work together to keep our schools safe.  I'm willing to receive any and all training you offer.  I worked hard to graduate and earn this opportunity to advance my career.  It seems that the actions of others and inadequate or no training threatens everything I've worked to acquire.  I'm asking that you allow me to continue my career and not view me as a criminal or rules breaker.  I did what I thought  was best under the circumstances.  Perhaps, I could have called the police or the head coach or

you, I'm not sure what the right answer is, but if we all work together we can have a better idea of what to do in these situations.



Tamara Heard <theard@lisaacademy.org>

## Fwd: Tamara Heard's rent

2 messages

**Tamara Heard** <heard2323@icloud.com>
To: Tamara Heard <theard@lisaacademy.org>

Mon, Mar 8, 2021 at 9:02 AM

Sent from my iPhone

Begin forwarded message:

> **From:** Marshall Nash <nashforjudge@gmail.com>
> **Date:** October 21, 2019 at 5:30:35 PM CDT
> **To:** Janet Pulliam <Janet@janetlpulliamlawoffices.com>, Stacey Barrow <Stacey@janetlpulliamlawoffices.com>
> **Subject: Fwd: Tamara Heard's rent**
>
>
> Here's an example of just one of her many bills.  They keep stacking up and she keeps borrowing money to survive.
>
> ---------- Forwarded message ---------
> From: **nashforjudge** <nashforjudge@gmail.com>
> Date: Mon, Oct 21, 2019 at 5:18 PM
> Subject: Tamara Heard's rent
> To: Marshall Nash <nashforjudge@gmail.com>
>
>
>
>
> Sent via the Samsung Galaxy S9, an AT&T 5G Evolution capable smartphone



You owe a total of $3.461!!! You must pay this immediately. I will need keys or money in the form of certified funds by 10 AM tomorrow. NO EXCEPTIONS.

Thank you,

**Jewell Brown, ARM**

Assistant Property Manager



P: 501.227.0050
F: 501.227.0110
McKenzie Park Website
McKenzie Park Facebook
McKenzie Park Instagram

 

---

**Tamara Heard** <heard2323@icloud.com>    Tue, Feb 8, 2022 at 11:09 AM
To: Tamara Heard <theard@lisaacademy.org>

Caution! This message was sent from outside your organization.    Allow sender | Block sender

[Quoted text hidden]



**Tamara Heard <theard@lisaacademy.org>**

---

## Fwd: Garage Sale
1 message

---

**Tamara Heard** <heard2323@icloud.com>                          Tue, Feb 8, 2022 at 11:10 AM
To: Tamara Heard <theard@lisaacademy.org>

---

Caution! This message was sent from outside your organization.        Allow sender | Block sender

---

Sent from my iPhone

Begin forwarded message:

> **From:** "chris lawofficeofchrislacy.com" <chris@lawofficeofchrislacy.com>
> **Date:** February 22, 2021 at 9:23:33 AM CST
> **To:** Marshall Nash <nashforjudge@gmail.com>
> **Cc:** Tamara Heard <heard2323@gmail.com>, Tamara Heard <heard2323@icloud.com>
> **Subject: Re: Garage Sale**
>
>
> Marshall,
> My client has set up an online auction that is to occur beginning on March 1, 2021 and it will
> run for 72 hours, closing at 11:59 p.m. on March 3, 2021.
> All items are currently being loaded to the site for individual bidding.  Ms. Heard, as will all
> other bidders, will need to create an account for bidding purposes.
> As an alternative to the auction, my client proposes that Heard pay $8,500 for all of her
> personal belongings and he will auction the large items such as furniture and larger items to
> help offset the judgment.
> Ms. Heard was informed on 12/30/2020 at 2:12 pm that her birth certificates and marriage
> license and social security cards were available for pick up and none have been claimed.
> The link to the auction is:
>
> https://www.centralarkansasstorageauction.com/
>
> If you have any other questions, please feel free to contact me.
>
> Thank you,
>
> ---
>
> **From:** Marshall Nash <nashforjudge@gmail.com>
> **Sent:** Wednesday, February 17, 2021 8:58 AM
> **To:** chris lawofficeofchrislacy.com <chris@lawofficeofchrislacy.com>
> **Cc:** Tamara Heard <heard2323@gmail.com>; Tamara Heard <heard2323@icloud.com>
> **Subject: Re: Garage Sale**
>
> Thank you.
>
> On Wed, Feb 17, 2021, 8:07 AM chris < chris@lawofficeofchrislacy.com> wrote:
>> I will ask him.

On Feb 17, 2021 at 8:06 AM, Marshall Nash < nashforjudge@gmail.com> wrote:

Mr. Lacy:

I've been contacted by Ms. Tamara Heard regarding a storage unit that you were to put up for sale via auction.

She wanted to know what date you were planning to do it as she has not received notice. Alternatively, is there something else she can do to get her items returned.

Marshall L. Nash, Atty.
501-765-7921

**LISA** ACADEMY

Tamara Heard <theard@lisaacademy.org>

## Fwd: Pay
1 message

---

**Tamara Heard** <heard2323@icloud.com>                                    Tue, Feb 8, 2022 at 1:13 PM
To: Tamara Heard <theard@lisaacademy.org>

---

Caution! This message was sent from outside your organization.                    Allow sender | Block sender

Sent from my iPhone

Begin forwarded message:

**From:** Tamara Heard <heard2323@icloud.com>
**Date:** October 17, 2019 at 7:12:16 PM CDT
**To:** jmeeler <jmeeler@estagepm.com>
**Subject: Re: Pay**

Bet

Sent from my iPhone

On Oct 17, 2019, at 6:11 PM, jmeeler <jmeeler@estagepm.com> wrote:

Tamara!
Jewell states that you have parent teacher conference this even, but according to your email
on Tuesday that was your reason for being late. We can no longer accept late payments or
excuses from you going forward. I've tried to work with you as much as I can, but it's to a
point where I'm unable to answer my supervisor's questions regarding your account.

If you are unable to make your payments, it would be in your best interest to turn your keys in
before we have to take further action.

Please take care of this.

Justin.

-------- Original message --------
From: Tamara Heard <heard2323@icloud.com>
Date: 10/15/19 4:14 PM (GMT-06:00)
To: jmeeler@estagepm.com
Subject: Pay

Hey I called like three times I guess nobody in office, I wanted to let you kno I'll b there a little
late to pay but I am paying today, my last parent teacher conference is at 5:40 I'm heading
there soon as I get done
Sent from my iPhone



**Tamara Heard <theard@lisaacademy.org>**

# Fwd: RENT DUE NOW
1 message

| | |
|---|---|
| **Tamara Heard** <heard2323@icloud.com> | Tue, Feb 8, 2022 at 1:11 PM |
| To: Tamara Heard <theard@lisaacademy.org> | |

Caution! This message was sent from outside your organization.          Allow sender │ Block sender

Sent from my iPhone

Begin forwarded message:

> **From:** mckenziepark@estagepm.com
> **Date:** October 21, 2019 at 4:25:40 PM CDT
> **To:** Tamara Heard <heard2323@icloud.com>
> **Subject: RENT DUE NOW**

Tamara,

You owe a total of $3.461!!! You must pay this immediately. I will need keys or money in the form of certified funds by 10 AM tomorrow. NO EXCEPTIONS.

Thank you,

*Jewell Brown, ARM*

Assistant Property Manager



P: 501.227.0050

F: 501.227.0110

McKenzie Park Website

McKenzie Park Facebook

McKenzie Park Instagram

1:15

Inbox     ****URGENT EMAIL****...

I am emailing regarding your loan on the 2018 DODGE CHARGER. Your account is 126 days past due. You are due for November, December, January, February & March payments. The total amount past due is $2487.70. Your account will CHARGE OFF this month (MARCH). When an account Charges Off we will no longer accept payment arrangements, the full PAYOFF of the loan will be due, and your vehicle will remain at risk of being repossessed at any time. We will also start the process of obtaining a court order demanding you surrender the vehicle to us. This can become very costly and time consuming for you.

To avoid the pending Charge Off and legal action, you will need to make one payment of $513.94 by 03/27/2020 before 5pm MST. If you are unable to do this, please call us at 888-960-9935 and we will have our local repossession company pick it up.



It is very important that I hear from you today, we will not put the repossession order on hold until a payment and future payment arrangements have been made.

Thank you,

*Heidi Lish* IRepossession Manager I Foursight Capital, LLC I Office: 1-888-960-9935I fax: (801)415-4880

Foursight
CAPITAL

CONFIDENTIALITY NOTE: This message and

   



**Tamara Heard <theard@lisaacademy.org>**

# Fwd:
1 message

**Tamara Heard <heard2323@icloud.com>**
To: Tamara Heard <theard@lisaacademy.org>

Tue, Feb 8, 2022 at 11:10 AM

Caution! This message was sent from outside your organization.          Allow sender  |  Block sender

Sent from my iPhone

Begin forwarded message:

**From:** "DuPriest, Jarrod" <jarrod.dupriest@estemschools.org>
**Date:** March 5, 2019 at 2:17:25 PM CST
**To:** Tamara Heard <heard2323@icloud.com>
**Subject: RE:**

Ms. Heard,
Thank you for providing your statement.  It was received.  We are working on finishing the investigation and will be in touch as soon a conclusion has been reached.

-----Original Message-----
From: Tamara Heard [mailto:heard2323@icloud.com]
Sent: Tuesday, March 05, 2019 7:57 AM
To: DuPriest, Jarrod
Subject:

Goodmorning I was informing you that, I turned in my witness statement yesterday. I didn't know if you saw it or not.

Sent from my iPhone



**Tamara Heard <theard@lisaacademy.org>**

# Fwd:
2 messages

**Tamara Heard** <heard2323@icloud.com>                                    Mon, Mar 8, 2021 at 9:06 AM
To: Tamara Heard <theard@lisaacademy.org>

Sent from my iPhone

Begin forwarded message:

> **From:** Tamara Heard <heard2323@icloud.com>
> **Date:** March 13, 2019 at 1:50:25 PM CDT
> **To:** "DuPriest, Jarrod" <jarrod.dupriest@estemschools.org>
> **Subject: Re: RE:**
>
> Good afternoon it's been a few days, I'm just checking in? .
>
> Sent from my iPhone
>
> > On Mar 5, 2019, at 2:16 PM, DuPriest, Jarrod <jarrod.dupriest@estemschools.org> wrote:
> >
> >
> > Ms. Heard,
> >
> > Thank you for providing your statement.  It was received.  We are working on finishing the investigation and will be in touch as soon a conclusion has been reached.
> >
> >
> > -----Original Message-----
> >
> > From: Tamara Heard [mailto:heard2323@icloud.com]
> >
> > Sent: Tuesday, March 05, 2019 7:57 AM
> >
> > To: DuPriest, Jarrod
> >
> > Subject:
> >
> >
> > Goodmorning I was informing you that, I turned in my witness statement yesterday. I didn't know if you saw it or not.
> >
> >
> > Sent from my iPhone

**Tamara Heard** <heard2323@icloud.com>                                    Tue, Feb 8, 2022 at 11:11 AM
To: Tamara Heard <theard@lisaacademy.org>

Caution! This message was sent from outside your organization.                     Allow sender | Block sender



**Tamara Heard <theard@lisaacademy.org>**

---

# Fwd:
1 message

---

**Tamara Heard <heard2323@icloud.com>**                          Tue, Feb 8, 2022 at 11:11 AM
To: Tamara Heard <theard@lisaacademy.org>

---

Caution! This message was sent from outside your organization.          Allow sender | Block sender

---

Sent from my iPhone

Begin forwarded message:

> **From:** "DuPriest, Jarrod" <jarrod.dupriest@estemschools.org>
> **Date:** March 15, 2019 at 8:19:37 AM CDT
> **To:** Tamara Heard <heard2323@icloud.com>
> **Subject: RE: RE:**
>
> Good Morning,
> Thanks for checking in, Ms. Heard.  The investigation is still ongoing, but we will be in touch as soon as it is concluded.
>
> Sincerely,
>
>
> Jarrod DuPriest - Director
>
> eStem Downtown Junior High
>
> Together We Achieve
>
>
> 123 W. 3rd Street
> Little Rock, AR 72201
> 501-748-9347
> 501-748-9370 (fax)
>
>
>
>     -----Original Message-----
>     From: Tamara Heard [mailto:heard2323@icloud.com]
>     Sent: Wednesday, March 13, 2019 1:50 PM
>     To: DuPriest, Jarrod
>     Subject: Re: RE:
>
>     Good afternoon it's been a few days, I'm just checking in? .
>
>     Sent from my iPhone
>
>         On Mar 5, 2019, at 2:16 PM, DuPriest, Jarrod <jarrod.dupriest@estemschools.org> wrote:

Ms. Heard,

Thank you for providing your statement.  It was received.  We are working on finishing the investigation and will be in touch as soon a conclusion has been reached.

-----Original Message-----

From: Tamara Heard [mailto:heard2323@icloud.com]

Sent: Tuesday, March 05, 2019 7:57 AM

To: DuPriest, Jarrod

Subject:

Goodmorning I was informing you that, I turned in my witness statement yesterday. I didn't know if you saw it or not.

Sent from my iPhone



Tamara Heard <theard@lisaacademy.org>

---

# Fwd:
1 message

**Tamara Heard** <heard2323@icloud.com>
To: Tamara Heard <theard@lisaacademy.org>

Tue, Feb 8, 2022 at 11:11 AM

Caution! This message was sent from outside your organization.      Allow sender | Block sender

Sent from my iPhone

Begin forwarded message:

> **From:** "DuPriest, Jarrod" <jarrod.dupriest@estemschools.org>
> **Date:** March 15, 2019 at 8:19:37 AM CDT
> **To:** Tamara Heard <heard2323@icloud.com>
> **Subject: RE: RE:**
>
> Good Morning,
> Thanks for checking in, Ms. Heard.  The investigation is still ongoing, but we will be in touch as soon as it is concluded.
>
> Sincerely,
>
>
> Jarrod DuPriest - Director
>
> eStem Downtown Junior High
>
> Together We Achieve
>
>
> 123 W. 3rd Street
> Little Rock, AR 72201
> 501-748-9347
> 501-748-9370 (fax)
>
>
>
> -----Original Message-----
> From: Tamara Heard [mailto:heard2323@icloud.com]
> Sent: Wednesday, March 13, 2019 1:50 PM
> To: DuPriest, Jarrod
> Subject: Re: RE:
>
> Good afternoon it's been a few days, I'm just checking in? .
>
> Sent from my iPhone
>
> On Mar 5, 2019, at 2:16 PM, DuPriest, Jarrod <jarrod.dupriest@estemschools.org> wrote:



Tamara Heard <theard@lisaacademy.org>

# Fwd:
1 message

**Tamara Heard** <heard2323@icloud.com>
To: Tamara Heard <theard@lisaacademy.org>

Tue, Feb 8, 2022 at 11:11 AM

Caution! This message was sent from outside your organization.      Allow sender  |  Block sender

Sent from my iPhone

Begin forwarded message:

**From:** Tamara Heard <heard2323@icloud.com>
**Date:** April 9, 2019 at 9:30:08 PM CDT
**To:** "DuPriest, Jarrod" <jarrod.dupriest@estemschools.org>
**Subject: Re: RE: RE:**

Good afternoon ! I am reaching out to see about the investigation. It's been around two months, I haven't heard anything. If we are going to let my contract expire, I would like the last day of my contract. Which should July 15,2019. Can you
please get to me asap. Thank you

Sent from my iPhone

On Mar 15, 2019, at 8:25 AM, DuPriest, Jarrod <jarrod.dupriest@estemschools.org> wrote:

Good Morning,

Thanks for checking in, Ms. Heard.  The investigation is still ongoing, but we will be in touch as soon as it is concluded.

Sincerely,

Jarrod DuPriest - Director

eStem Downtown Junior High

Together We Achieve

123 W. 3rd Street

Little Rock, AR 72201

501-748-9347

501-748-9370 (fax)

-----Original Message-----

From: Tamara Heard [mailto:heard2323@icloud.com]

Sent: Wednesday, March 13, 2019 1:50 PM

To: DuPriest, Jarrod

Subject: Re: RE:

Good afternoon it's been a few days, I'm just checking in? .

Sent from my iPhone

> On Mar 5, 2019, at 2:16 PM, DuPriest, Jarrod <jarrod.dupriest@estemschools.
> org> wrote:

> Ms. Heard,

> Thank you for providing your statement.  It was received.  We are working on
> finishing the investigation and will be in touch as soon a conclusion has been
> reached.

> -----Original Message-----

> From: Tamara Heard [mailto:heard2323@icloud.com]

> Sent: Tuesday, March 05, 2019 7:57 AM

> To: DuPriest, Jarrod

> Subject:

> Goodmorning I was informing you that, I turned in my witness statement
> yesterday. I didn't know if you saw it or not.

> Sent from my iPhone

**To whom it may concern**


I know you may read this letter and think it's a lot to read, it will be worth it. My name is Tamara Heard. I was a victim in discrmination, sex, title 9, and pain/suffering by Estem downtown Jr High School. In which my witness statement *attached* explains a lot, I am hoping you read all of this through because i am not the only victim of what Estem does to not only African American teachers but Teachers period. I know you are wondering why, i am just now saying something about the situation but I've been trying for a year and half. Dr. Bacon (school superintendent and his lawyer were in talks with my lawyer at the time from July 2019 until January 2020… in which he told my lawyer that he knows he owes me big with the situation that happened. His lawyer at the time Mrs Janet was claiming that she had cancer & had to do her treatments when we asked to meet. They cost me my living, my car, my mental state, and my safety. I never was able to understand why I lost my job but both students were not expelled immediately  and were able to pull out and enroll in another school while I was at home. I am just hoping you can look at the evidence and see this is worth a Hearing!




Tamara Heard